**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 11-01583 VAP (DTBx)                         Date:  October 28, 2011

Title:   JG KALLINS INVESTMENTS, LP -v- DAVID BERGER AKA DAVID BERGERE AND DOES 1 TO 10, INCLUSIVE
================================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                             None Present
    Courtroom Deputy                                     Court Reporter

ATTORNEYS PRESENT FOR                         ATTORNEYS PRESENT FOR
PLAINTIFFS:                                                  DEFENDANTS:

    None                                                              None

PROCEEDINGS:     MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO (IN CHAMBERS)

    On September 14, 2011, Plaintiff JG Kallins Investments, LP, ("Plaintiff") filed a complaint for unlawful detainer ("Complaint") against Defendant David Berger ("Defendant") in the California Superior Court for the County of San Bernardino. (Not. of Removal Ex. A.)  On October 4, 2011, Defendant removed the action on the basis of this Court's jurisdiction over cases implicating civil rights, 28 U.S.C. § 1443. (<u>See</u> Not. of Removal at 2.)

    Removal jurisdiction is governed by statute.  <u>See</u> 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the

**EDCV 11-01583 VAP (DTBx)**
**JG KALLINS INVESTMENTS, LP v. DAVID BERGER AKA DAVID BERGERE AND DOES 1 TO 10, INCLUSIVE**
**MINUTE ORDER of October 28, 2011**

defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman--Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Defendant mentions that removal is proper under 28 U.S.C. § 1443(1) because "Defendant was . . . denied his due process right and equal protection under the 14th Amendment to protect his tenancy." (Not. of Removal at 4.) He asserts that his "rights to equal protection under the law are non-existent in state court unlawful detainer actions." Id. Even construing Defendant's Notice of Removal liberally, the Court finds Defendant fails to establish that this Court has jurisdiction under 28 U.S.C. § 1443(1), which allows a defendant to remove certain civil actions involving civil rights from state court to federal court.

In order to remove a case under 28 U.S.C. § 1443(1), Defendant must satisfy a two-pronged test: (1) "it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality"; and (2) "it must appear . . . that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." Johnson v. Mississippi, 421 U.S. 213, 219 (1975). Defendant fails to satisfy either prong here. Defendant fails to allege that he is a member of any racial group or that he has been denied any specific civil right, let alone that he has been denied any civil right stated in terms of racial equality. Moreover, Defendant fails to allege that he has been denied any civil right that he cannot enforce in California courts.

"If it clearly appears on the face of the [Notice of Removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). Pursuant to 28 U.S.C. § 1446(c)(4),

**EDCV 11-01583 VAP (DTBx)**
**JG KALLINS INVESTMENTS, LP v. DAVID BERGER AKA DAVID BERGERE AND DOES 1 TO 10, INCLUSIVE**
**MINUTE ORDER of October 28, 2011**

the Court has examined the Notice of Removal and concludes that Defendant has not met his burden of establishing that this case is properly in federal court.  See <u>In re Ford Motor Co./Citibank (South Dakota), N.A.</u>, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  Accordingly, the Court REMANDS this action to the Superior Court of California, San Bernardino County.

   **IT IS SO ORDERED.**